UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 19 CR 886 |
| v. | Hon. Martha M. Pacold |
| MARVIN BROWDER | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The UNITED STATES OF AMERICA, by its attorney, MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, respectfully submits its sentencing memorandum. To account for the seriousness of the defendant's conduct and for the other reasons set forth below, the government recommends that the Court sentence the defendant to 46 months' imprisonment. Such a sentence is sufficient, but not greater than necessary, to satisfy the principles set forth in the Sentencing Guidelines and 18 U.S.C. § 3553(a).

## BACKGROUND

The defendant is a convicted felon who was prohibited from possessing a firearm under federal law. On June 10, 2019, BROWDER and his child were near the 500 block of South Lockwood in Chicago. During this time, BROWDER was carrying a loaded Taurus Model PT709 9mm semi-automatic pistol, bearing serial number TGN29699. At approximately 3:55 p.m., BROWDER saw unidentified individuals shoot Individual A on the sidewalk of the 500 block of South Lockwood. Based on footage from a surveillance camera inside a convenience store, BROWDER brought his child in a convenience store and left him there while BROWDER, with his firearm in his hand, tried to find the offenders after the shooting. Based on POD

footage, BROWDER ran out to Individual A and then looked in the alleys for the offenders, but they fled. BROWDER then went back to the convenience store, put his firearm on the counter, and tried to get the convenience store clerk to take his firearm. When the convenience store clerk refused to take the firearm, BROWDER took the firearm back and put it in his back right pants pocket. BROWDER and his child left the convenience store. The individual at the convenience store alerted an officer to what occurred and shortly after, a Chicago Police Department officer recovered the firearm from BROWDER's back right pants pocket.

Based on a recorded post-arrest interview, BROWDER admitted to knowing and being friendly with Individual A. BROWDER stated that the offenders get into a black car. BROWDER stated he chased them down to the alley. BROWDER was asked by reporting detectives after he chased the offenders, did he shoot at the offenders. BROWDER stated *he didn't get a chance to*. BROWDER stated the pistol was his.

The firearm was manufactured outside the United States, and therefore traveled in interstate and foreign commerce prior to BROWDER's possession of it. When BROWDER possessed the firearm on June 10, 2019, he knew that he was a convicted felon and that he had been previously convicted of a crime punishable by a term of imprisonment in excess of one year.

## The Advisory Guidelines Range

The government has one objection to the PSR. It is the government's position that the defendant should get acceptance of responsibility. Guidelines Section 3E1.1 Application Note 1 specifies that an appropriate consideration is:

(A) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct). Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a). A de-fendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection.

While the government agrees with probation's summary of defendant's poor pretrial release conduct, the government's position is that conduct should be considered as a 3553(a) factor at sentencing. The government's position is that the defendant's guidelines range is therefore 37 to 46 months' imprisonment based on an adjusted offense level of 17 combined with criminal history category IV:

| | |
|---|---|
| Base offense level under § 2K2.1(a)(2) | 20 |
| Acceptance of responsibility under § 3E1.1 | -3 |
| Total | 17 |
| Criminal History Category | IV |
| **Advisory Guidelines Range** | **37 to 46 months' imprisonment** |

## The Factors Set Forth in 18 U.S.C. § 3553(a)

Section 3553(a) requires the Court to impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing.[1]  In order to determine the sentence to impose, the Court must consider the statutory factors listed in § 3553(a)(1)-(7). One of those factors is the advisory range set by the Sentencing Guidelines, and another is the Commission's policy statements. Although the Sentencing Guidelines are advisory only, "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).  For the reasons set forth below, consideration of the § 3553(a) factors reflect that a sentence within the high-end of the advisory guidelines range of 37 to 46 months' imprisonment is warranted and necessary.

### The Nature and Circumstances of the Offense

The defendant possessed a loaded gun and admitted he was willing to use it to shoot at other individuals in relation. He not only put himself in a dangerous situation by running out to the scene of a shooting looking for shooters, but he put his child in a dangerous situation by leaving him in a convenience store alone nearby. To make matters worse, after he couldn't find the shooters, he tried to hide his gun by

---

[1] Those purposes are the need for the sentence "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

4

giving it to a convenience store clerk. The defendant knowingly put himself, his child, and the clerk in danger.

The unlawful possession of firearms has crippled communities across the Chicagoland region. And, it has exacerbated a violence epidemic in this community and in communities across the country. The defendant exhibited a blatant disregard for the law when unlawfully possessed the loaded firearm. Too many people in this city believe that they can unlawfully possess firearms with impunity. This needs to stop and this case can serve a powerful message that the unlawful possession of a firearm carries significant consequences. The nature and circumstances of the offense therefore weigh in favor of a high-end guidelines sentence.

<u>History and Characteristics of the Defendant</u>

The defendant's upbringing includes instability and abuse. He personally experienced the effects of gun violence as he was shot multiple times. He has a history of needing mental health treatment and substance abuse treatment. These factors are mitigating, and can be considered by the Court in fashioning a sentence. Still, as discussed below, the defendant's decision to unlawfully possess a loaded gun he was willing to use to shoot at others while he understood the dangers carrying firearms is an aggravating factor that warrants a high-end guidelines sentence. Additionally, defendant's pretrial release conduct is highly aggravating. He did not comply with mental health treatment, he failed to comply with location monitoring, and failed to report police contact and an arrest for murder.

Defendant has a long criminal history that includes sentences that he did not successfully complete. Defendant's conduct has escalated, he has created at least two dangerous situations with the police, and his dangerous trend of behavior warrants an appropriately serious sentence.

<u>The Need to Promote Respect for the Law,</u>
<u>Provide Just Punishment, and Afford Adequate Deterrence</u>

A sentence within the high-end of the advisory guidelines range would promote respect for the law, provide just punishment, and afford adequate deterrence. As noted, the defendant's conduct is serious: he possessed a loaded gun and ran to the scene of the shooting looking for the shooters so the defendant could then shoot them. As for specific deterrence, a guidelines sentence is warranted to show the defendant that possessing a loaded gun—given his criminal background—will carry consequences and prison time. The defendant's conduct was even more egregious because the defendant has various criminal convictions and none of the sentences have deterred him from engaging in this dangerous conduct. A guidelines sentence would send a necessary message to the defendant that this conduct carries serious repercussions.

And finally, general deterrence is also very important here. Such a sentence would send a message to the public at large. Chicago is infamously in the midst of a gun violence crises. The illegal possession of firearms by felons is a very serious offense that threatens the safety of the public. The consequences of picking up an illegal firearm must be severe enough such that a convicted felon who decides to do so understands the serious consequences that this decision entails. In other words,

6

the public needs to understand that felons who carry loaded firearms will face real consequences—and real punishment—including meaningful time in prison. Put simply, general deterrence here also calls for a guidelines sentence.

<u>Supervised Release</u>

The government agrees with the Probation Office's recommendation to impose a term of supervised release. Consistent with the Seventh Circuit's guidance in *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), the government thus recommends the imposition of a term of supervised release of three years. In order to promote the sentencing objectives of deterring recidivism, protecting the public, and assisting in the defendant's rehabilitation and reintegration into society, the government supports Probation's recommendation, that the term of supervised release include the conditions set forth in the PSR.

7

## CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court impose a sentence of imprisonment within the advisory guidelines range of 46 months' imprisonment.

Dated: September 13, 2023      Respectfully submitted,

                                  MORRIS PASQUAL
                                  Acting United States Attorney

          By:     */s/ Tiffany Ardam*
                                  TIFFANY ARDAM
                                  Assistant United States Attorney
                                  219 S. Dearborn Street, 5th Floor
                                  Chicago, Illinois 60604
                                  (312) 353-0951