UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|                     Plaintiff | ) | |
| | ) | No. 19 CR 886 |
| vs. | ) | |
| | ) | Hon. Martha M. Pacold |
| MARVIN BROWDER, | ) | |
|                     Defendant | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

NOW COMES the Defendant, MARVIN BROWDER, by and through his undersigned counsel, and respectfully submits this position paper on the sentencing factors contained in 18 USC 3553(a).

**THE PRESENTENCE REPORT (PSR)**

Other than his objection to the sentencing guidelines calculation, Mr. Browder has no factual corrections to make to the Presentence Report (PSR). Mr. Browder's PSR was prepared on March 25, 2022. The probation officer, following the guidelines then in effect, added two points to Mr. Browder's to Mr. Browder's criminal history because the offense was committed while under court supervision. PSR, p.14, para 42. However, based on the guidelines currently in effect, a point is only added if the defendant's criminal history points are at least 7. USSG 4A1.1(e). Mr. Browder's criminal history points total only 6. Therefore there is no additional point added because this offense was committed while under court supervision.

Mr. Browder also submits that he should receive a three point reduction for acceptance of responsibility. Therefore, Mr. Browder's Offense Level should be calculated as 20 (-3 for acceptance of responsibility) = 17, criminal history category III (6pts), with an advisory sentencing range of 30-37 months.

1

<u>Credit for Time Served</u>

The instant case was originally charged as a State Offense. PSR p.18-19, para. 76. Mr. Browder was in custody on the state charge from June 10, 2019 until June 25, 2019 (16 days). He was released on bond then returned to custody on August 14, 2019. However, he was not taken into federal custody until December 3, 2019 (112 days). Id., See also PSR p.1-2. Therefore, Mr. Browder was in state custody on these charges for a total of 128 days, but he will not receive federal credit for time served for those days.[1] To account for this time in custody, Mr. Browder requests that the court reduce the sentence that would otherwise be imposed by these number of days.

**PERSONAL HISTORY AND CHARACTERISTICS**

The PSR correctly discusses Mr. Browder's upbringing, family circumstances, and mental and physical health. Mr. Browder was abused mentally and physically and beaten as a child on a regular basis until he turned eighteen. PSR, p.19, para.79. He witnessed substance abuse by close family members. Id. He was the victim of an attempted sexual assault as a child. Id. and para. 88. He has been shot and stabbed multiple times as an adult. Id., para. 95-97. He has been diagnosed with "depersonalization, major depressive disorder with psychotic features, and phencyclidine, cannabis and opioid use disorders (all use disorders deemed to be severe)." Id., para. 104. He required therapy as least weekly and is medicated. Id., and para. 107. He has a history of both substance abuse and success in treatment resulting in periods of sobriety. Id., para. 109-114.

---

[1] Mr. Browder has been in joint federal/state custody since April 6, 2021 and should receive federal sentencing credit for time served since that date. PSR p.2.

Even with these challenges, overall, Mr. Browder is coping with his confinement, though he finds it difficult. Nonetheless, he is "[trying] to stay optimistic. I want to get this trouble behind me so that I don't find myself in this situation again." The defendant related that he would like to leave Chicago such that he can "start somewhere fresh." Id., para. 101.

## CONDITIONS OF SUPERVISED RELEASE

<u>Discretionary Condition 7, PSR p.30</u>:

Mr. Browder's position is that he should only be precluded from excessive use of alcohol. While he has a history of substance abuse, he has no history of abusing alcohol. para.109, 115.

<u>Discretionary Condition 16, PSR p.31</u>:

Mr. Browder objects to probation visits to work and school as they might unintentionally disrupt his attempts to make a positive contribution to society at those locations. In the alternative, Mr. Browder will submit transcripts or employment records to probation upon request.

Mr. Browder has no other objections to the proposed conditions of supervised release. He discussed the terms with his attorney and waives a formal reading of those conditions at his sentencing hearing.

## SENTENCING LOCATION RECOMMENDATION

If a custodial sentence is imposed, Mr. Browder requests that the Court enter a recommendation to the BOP that he serve his sentence at the BOP as near to Chicago as possible so he can best maintain contact with his family.

**CONCLUSION**

After a full consideration of the sentencing guidelines and the factors contained in 18 USC 3553, Mr. Browder requests that the Court consider a sentence of 24 months in custody as appropriate in this case, and based on his time solely in state custody as discussed above, impose a sentence of 20 months followed by 2 years of Mandatory Supervised Release.

Respectfully submitted,

Law Offices of Anthony W. Hill
53 W. Jackson Blvd., Suite 660
Chicago IL 60604
312.882.8004

/s/ Anthony W. Hill
Anthony W. Hill
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing Defendant's Sentencing Memorandum was served on October 4, 2024, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

      **/s/ Anthony W. Hill**
      **ANTHONY W. HILL,**
      Attorney at Law